1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA DIANE ENRIQUEZ, individually and as successor-in-interest to STEVEN ANTHONY VARGAS, Deceased; JANE CARLOS VARGAS; AMADO VARGAS; STEVEN ANTHONY VARGAS, JR. minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); ANGELO ALECZANDER VARGAS (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); JOSE BLAS FIGUEROA, JR. (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); HAILEY ROSE FIGUEROA (a minor through her guardian *ad litem*, JULIA DIANE ENRIQUEZ); and LEAH REALYNN GORTEZ-ENRIQUEZ (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ),<br>          Plaintiffs,<br><br>     v.<br><br>CITY OF FRESNO, a municipal corporation; JERRY DYER, individually and in his capacity as a Chief of Police of the CITY OF FRESNO; MIKE PALOMINO, individually and in his capacity as a police officer of the CITY OF FRESNO),<br>          Defendants. | CV F 10 - 0581 AWI DLB<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFFS' COMPLAINT**<br><br><br><br><br><br><br><br><br><br>Doc. # 10 |

This is an action for negligence, wrongful death and infringement of rights under the Fourth and Fourteenth Amendments to the United States Constitution. The action arises out of the shooting death of decedent Steven Anthony Vargas ("Decedent") by Fresno City Police Officer Mike Palomino ("Palomino") during the course and scope of Palomino's employment. In the instant motion, defendants City of Fresno ("Fresno"), Fresno City Police Chief Jerry Dyer ("Dyer") and Palomino (collectively, "Defendants") seek to dismiss Plaintiffs' Fourth Amendment claim as to all plaintiffs except Decedent's successor-in-interest, Julia Diane Enriquez ("Enriquez"). Defendants also seek to dismiss all claims against Dyer and Palomino in their official capacities and to dismiss suits against Fresno for state law claims on any theory of direct liability. Defendants also seek to dismiss the Fourth Amendment claim against Dyer on a theory of supervisor liability and seek to dismiss all state law claims against Dyer based on derivative liability. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs' complaint, filed on April 5, 2010, alleges that Decedent was shot without provocation or justification by Palomino while Decedent was sitting in his car on or near property located on McKinley Avenue in Fresno. The plaintiffs in this action are Enriquez, Decedent's wife and successor-in-interest, Jane Carlos Vargas, Decedent's mother, Amado Vargas, Decedent's father, Decedent's children Steven Anthony Vargas, Jr., Angelo Aleczander Vargas and step-children Jose Blas Figueroa, Jr., Hailey Rose Figueroa and Leah Realynn Gortarez-Enriquez (collectively, "Plaintiffs").

Plaintiffs' complaint alleges that Decedent drove slowly onto the property located at 4021 E. McKinley in Fresno, drove slowly across the driveway and came to a stop against the side of an unoccupied van. Decedent remained in his vehicle while Palomino arrived got out of his police vehicle and pulled a gun while approaching Decedent's vehicle. The complaint alleges that Palomino fired a several shots at Decedent as he sat in the vehicle without cause or justification. After pausing briefly, Palomino fired a second volley of several shots. Decedent was shot approximately nine times. Decedent was taken to Community Medical

Center where he was pronounced dead at 3:18 p.m.

Plaintiff's complaint then alleges as follows:

> 11. This was the latest in a string of shootings of unarmed persons by the Fresno Police Department. On information and belief, in 2009 alone, four people shot by Fresno police were unarmed. Those prior shootings were unjustified ant the officers involved in those shootings were not properly disciplined for their actions. This has led to a culture and belief within the Fresno Police Department that it is permissible to use deadly force against unarmed persons and that no disciplinary action will be taken by the Fresno Police Department for doing so.
>
> 12. The actions of the officer who killed [Decedent] were taken pursuant to the policies and practices of the Fresno Police Department, including, but not limited to, the use of excessive force, and the use of deadly force in encounters with civilians when it is a grossly disproportionate response to a situation, and even when no reasonable basis exists for any use of force whatsoever, as in this case.
>
> 13. Despite their knowledge of the illegal policies and practices, the supervisory and policy-making defendants have maliciously and with deliberate indifference taken no effective steps to terminate the policies and practices; have not effectively disciplined or otherwise properly supervised the officers who engage in the policies and practices; have not effectively trained Fresno police officers with regard to the proper constitutional and statutory limits of the exercise of their authority; and have sanctioned the policies and practices through their deliberate or grossly negligent indifference to their detrimental effect on the constitutional rights of local residents.
>
> 14. Knowing of the civil rights abuses by Fresno police officers as well as at least one prior rights violations by Defendant police officer Palomino, Defendant Chief Dyer further sought to cover up and ratify the acts publicly, engaged in at least one act of retaliation against a police officer for reporting systemic civil rights violations by Fresno police, failed to remedy those systematic violations knowingly and with deliberate indifference, and promulgated policies on the use of deadly force by officers that deliberately repudiated the constitutional rights of Fresno residents. These acts, omissions, and policies of Chief Dyer and the City of Fresno were the moving force for the [P]laintiff's injuries.

Doc. # 1 at ¶¶ 11 - 14.

Plaintiff alleges a claim was filed pursuant to California Government Code §§ 910 *et seq*. with the City of Fresno on February 1, 2010, and was denied on March 16, 2010.

The complaint alleges three claims for relief. The first claim alleges constitutional infringement in violation of 42 U.S.C. § 1983 as follows:

> 21. The [D]efendants' conduct violated the [P]laintiffs' rights in at least the following ways: the shooting of [Decedent] by police officer Palomino violated [Decedent]'s Fourth Amendment rights to be free from the use of excessive force; and the killing of [Decedent] violated the Fourteenth

3

>Amendment liberty interest of Julia Diane Enriquez in the companionship and support of her husband, Jane Carlos Vargas and Amado Vargas in the companionship and support of their son, Steven Anthony Vargas, Jr., Angelo Aleczander Vargas in the companionship and support of their father, and Jose Blas Figueroa, Jr. Hailey Rose Figueroa, and Leah Realynn Gortarez Enriquez in the companionship and support of their stepfather.

Doc. # 1 at ¶ 21. Plaintiffs' second and third claims for relief allege wrongful death and negligence against all defendants under California common law.

The instant motion to dismiss was filed on April 26, 2010. Plaintiff's opposition was filed on May 24, 2010 and Defendant's reply was filed on May 28, 2010. On June 3, 2010, the court issued and order vacating hearing date of June 7, 2010, and took the matter under submission as of that date.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

**I. Plaintiffs' First Claim for Relief**

Defendants assert three contentions with regard to Plaintiffs' first claim for relief. First, Defendants contend that Plaintiffs' first claim for relief improperly alleges claims by Enriquez and Decedent's parents, children and step children for violation of Decedent's right against unreasonable force under the Fourth Amendment. Defendants argue that Decedent's Fourth Amendment claim can only be vindicated by Decedent's successor-in-interest and should therefore be dismissed as to all other Plaintiffs. Second, Defendants contend that Plaintiffs' official-capacity claims against defendants Dyer and Palomino should be dismissed because they are identical to the claims against City of Fresno. Third, Defendants contend that Plaintiffs' first claim for relief fails to set forth facts sufficient to state a claim against Dyer in his individual capacity. The court will discuss each in turn.

### *A. Defendants' Motion Re: Non-Personal Representative Plaintiffs*

Plaintiff contends that the only person authorized to assert a claim for excessive force in violation of Decedent's Fourth Amendment rights is Plaintiff's personal representative or successor-in -interest. "'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.' [Citation.] Thus the general rule is that only the person whose Fourth Amendment rights are violated can sue to vindicate those rights. [Citation.] In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law

authorized a survival of action. [Citations.]" Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998) (internal citations omitted). Pursuant to California Code of Civ. Pro. §§ 377.20, 377.30, a cause of action for injuries suffered during the life of a decedent survives to the decedent's estate and may be prosecuted by the estate's personal representative if one exists, or by the successor-in-interest to the decedent if the decedent dies intestate, as is assumed to be the case here.

Plaintiffs do not appear to dispute Defendants' contention that the only individual capable of vindicating Decedent's Fourth Amendment claim is Enriquez, as Plaintiff's successor-in-interest. In their reply Defendants acknowledge that Enriquez has filed the necessary declaration to establish herself as successor-in-interest for purposes of maintaining Decedent's claims in this action. See Doc. # 12, Declaration of Julia Diane Enriquez in Support of Standing as Successor-in-Interest.

The court finds that only Enriquez is entitled to maintain Decedent's claim for relief for violation of his right against unreasonable use of force in violation of the Fourth Amendment, as Defendants contend. As a matter of clarification, however, the court notes that Plaintiffs' first claim for relief actually states two claims; Decedent's claim for unconstitutional use of force in violation of the Fourth Amendment, and the claims of Enriquez and Decedent's surviving parents, children and step-children for violation of their Fourteenth Amendment rights against state-imposed loss of consortium. "The [Fourteenth Amendment] substantive due process claim [for loss of consortium] may be asserted by both the parents and children of a person killed by law enforcement officers." Moreland, 159 F.3d at 371; Teran v. County of Monterey, 2009 WL 1424470 (N.D. Cal. 2009) at *5. Neither party addresses the Fourteenth Amendment claim set forth in Plaintiffs' first claim for relief. Although the court might prefer that claims involving different plaintiffs and different legal theories be set apart, Defendants have raised no objection to Plaintiffs' construction of their first claim for relief and consequently the court has no cause to require amendment. The court will grant Defendants' motion to dismiss Plaintiffs' Fourth Amendment claim as to all Plaintiffs other than Enriquez with the understanding that the standing of Decedent's

survivors; that is, all Plaintiffs, to bring their claim for violation of their liberty interests under Fourteenth Amendment substantive due process remains unaffected.

### B. Official Capacity Claims Against Defendants Dyer and Palomino

Plaintiffs' first claim for relief is alleges against City of Fresno and against both Dyer and Palomino in both their official and individual capacities. Defendants contend that Plaintiffs' claims against Dyer and Palomino in their *official* capacities are, for all purposes, the same as and therefore redundant to Plaintiff's claim against the City of Fresno. The court has examined Plaintiffs' opposition to Defendants' motion to dismiss and can find no argument in opposition to Defendants' contention. "An official-capacity suit is , in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). The court agrees that the suits against Dyer and Palomino in their official capacities are redundant. Those claims will therefore be dismissed.

### C. Plaintiff's Section 1983 Claim Against Dyer

Defendants contend that Plaintiff's § 1983 claim against Dyer in his individual capacity as a supervisor fails to allege facts sufficient to support the claim. Generally, supervisory personnel are not liable under section 1983 for actions of their employees under a respondeat superior theory, and thus, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged and proved. See Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir.2001). To establish a prima facie case of supervisor liability, a plaintiff must show facts to indicate that the supervisor defendant either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989). A police chief is liable in his individual capacity if he "set[ ] in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he kn[e]w or reasonably should [have] know [n], would cause others to

1    inflict the constitutional injury." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th

2    Cir.1991) (ratification, poor investigation, or failure to terminate series of events may make

3    supervisor liable).

4         Plaintiff alleges that Dyer knew of the civil rights abuses by Fresno police officers as

5    well as at least one prior rights violations by Defendant police officer Palomino, and that he

6    "sought to cover up and ratify the acts publicly, engaged in at least one act of retaliation

7    against a police officer for reporting systemic civil rights violations by Fresno police, failed

8    to remedy those systematic violations knowingly and with deliberate indifference, and

9    promulgated policies on the use of deadly force by officers that deliberately repudiated the

10   constitutional rights of Fresno residents."

11        Defendants allege "there are no facts linking defendant Dyer to this incident, and as

12   such there is no indication that he had any 'personal participation' in the events in question."

13   Doc. # 10-2 at 4: 23 - 24.   While it is apparently the case that the Ninth Circuit requires

14   something more than a failure to reprimand to establish municipal policy or ratification,

15   Kanae v. Hodson, 294 F.Supp.2d 1179, 1189 (D. Hawaii 2003), it is also true that this court

16   has declined to dismiss allegations of supervisor liability where the facts alleged rise above

17   simple failure to reprimand.  See Willis v. City of Fresno, 2010 WL 475447 (E.D. Cal. 2010)

18   at *8 (denying dismissal of section 1983 claims against police chief where allegations

19   included deliberate indifference to actual notice of constitutional infractions).  The direct

20   participation of a supervisor in the deprivation of constitutional rights may be found where

21   the supervisor, through acquiescence, inaction and reckless indifference to the rights of others

22   causes subordinates to inflict constitutional harms.  Phillips v. City of Fairfield, 406

23   F.Supp.2d 1101, 1116 (E.D. Cal. 2005).

24        Here, Plaintiffs allege Dyer ratified and actively "covered up" Palomino's actions

25   despite actual knowledge of at least one other instance of constitutional violation, attempted

26   retaliation against police personnel who sought to bring the issue to light, and actively

27   promulgated policies that directly lead to application of excessive force by law enforcement

28   personnel.  As in Willis allegations by Plaintiffs in this case rise above the level of

"threadbare allegations of the elements of supervisor liability." Willis 2010 WL 475447 at *7. The court concludes Plaintiffs have alleged facts sufficient to withstand Defendants' motion to dismiss the section 1983 claim against Dyer. Defendants' motion to dismiss the complaint as to Dyer in his individual supervisory capacity will be denied.

**II. Plaintiffs' Claim for Wrongful Death.**

Plaintiffs' second claim for relief, like the first and third, lists no particular Defendant or Defendants and so is presumed to be alleged against all Defendants. Defendants contend that Plaintiffs' wrongful death claim impermissibly alleges direct liability against Fresno. For the reasons that follow the court agrees.

The California Tort Claims Act provides that a governmental entity is not directly liable for and injury except as provided by statute. Cal. Gov. Code § 815(a). As Defendants correctly point out, it is well established that there is no statute that provides for direct entity liability for a claim of wrongful death. Munoz v. City of Union City, 120 Cal.App.4th 1077, 1112 - 1115 (2004). Pursuant to Cal. Gov. Code § 815.2(a), a municipal entity is liable for the acts of its employee to the same extent the employee would be liable for the same act if committed while not employed by the entity except to the extent the employee is immune by statute. That is, section 815.2 establishes that municipal entities are vicariously liable for the acts of their employees acting in the course and scope of their work, but are not directly liable. Defendants correctly note that Plaintiffs' complaint fails to allege any basis for direct liability for Fresno.

Plaintiffs do not appear to dispute Defendants' contention directly. Rather, Plaintiffs argue that City of Fresno may be held vicariously liable for constitutional harms arising from Palomino's acts. Defendants clarify in their reply brief that they do not dispute that Fresno may be subject to vicarious liability.

Plaintiffs' second and third claims for relief will be dismissed as to City of Fresno to the extent that either of those claims may purport to impose *direct* liability on Fresno for harms arising from the acts alleged against Palomino. Fresno's vicarious liability, if any, is not affected by this order.

In a similar vein, Cal. Gov. Code § 820.8 provides that "a public employee is not liable for the act or omission of another person." Thus, while Cal. Gov. Code § 815.2(a) establishes vicarious liability for municipalities for the acts of their employees, section 820.8 prevents vicarious liability for supervisors for the tortious acts of their subordinates. While Plaintiffs provide persuasive argument that Dyer can be held liable in his individual supervisory capacity with regard to Plaintiffs' section 1983 claim, Plaintiffs do not address the limitations imposed by Gov. Code § 820.8 on Plaintiffs' claims under state law. The court will dismiss Plaintiffs' second and third claims for relief to the extent they purport to allege liability against Dyer in his individual capacity for harms arising from Palomino's acts.

### III. Plaintiffs' Claim for Negligence

Plaintiffs' third claim for relief alleges negligence under California common law, presumably against all Defendants. Defendants seek to dismiss Plaintiffs' negligence claim on the ground it is redundant to Plaintiffs' claims for wrongful death. Defendants also move to dismiss Plaintiffs' negligence claim to the extent it alleges a claim for negligence against Fresno directly.

As Plaintiffs point out, Rule 8(e)(2) of the Federal Rules of Civil procedure provides that "[a] party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses." Plaintiffs also correctly note that Defendants offer no legal authority for the proposition that a claim should be dismisses as redundant if it alleges an alternative theory of recovery on the same set of facts. The court also notes that, although Plaintiffs' claims for negligence and wrongful death are pled from the same facts, wrongful death and negligence are, in the abstract, separate theories of recovery having separate elements. Thus, while the facts as currently pled may be indistinguishable as to both claims, the facts as fully developed following discovery may favor one claim over the other. The court will decline to dismiss Plaintiffs' negligence claim on the theory that it is redundant to Plaintiffs' wrongful death claim.

As to Plaintiffs' negligence claim against Fresno, a claim of *direct* liability against a

10

municipality for negligence is not available for the same reason that Plaintiffs' wrongful death claim against Fresno on a theory of direct liability is unavailable. As discussed above there is no California statute that provides for direct entity liability other than as provided by law. Munoz v. City of Union City, 120 Cal.App.4th 1077, 1112 - 1115 (2004). Also, as discussed above, California Government Code section 820.8 prevents vicarious liability for supervisors for the tortious acts of their subordinates. Thus, Plaintiffs cannot sue either Fresno or Chief Dyer on a theory of direct negligence. Under California law, if individual Defendant Palomino is directly liable for either or both wrongful death or negligence, then Fresno is vicariously, but not directly, liable pursuant to California Government Code § 815.2(a).

**CONCLUSION AND ORDER**

The result of Defendants' motion to dismiss is that the ambiguity created by the fact that Plaintiffs' complaint alleges its three claims for relief against all Defendants is clarified to some extent. While no claims are dismissed in their entirety, Defendants' motion results in a clarification of who is to be sued and who may prosecute the suit with respect to each of the claims for relief. In making its ruling the court assumes that Plaintiffs' claims for relief each allege direct liability as to each Defendant. Vicarious liability arises by operation of statute under California law and the court presumes at this point that vicarious liability need not be pled as to Fresno with respect to Plaintiffs' second and third claims for relief. Should Plaintiffs desire to explicitly allege vicarious liability, or to further clarify specific defendants for each claim for relief, they may do so by means of amendment of the complaint.

Pursuant to the foregoing discussion, it is hereby ORDERED that:

1. Plaintiffs' first claim for relief for violation of Decedent's rights under the Fourth Amendment is restricted to Decedent's successor-in-interest. Decedent's claim for infringement of his rights under the Fourth Amendment are hereby DISMISSED as to Decedent's mother, father, children and step-children.
2. To the extent Defendants' motion to dismiss seeks to dismiss Plaintiffs' claims for

       loss of consortium under the substantive Due Process Clause of the Fourteenth Amendment, that motion is DENIED.

3. Defendants' motion to dismiss Plaintiffs' first claim for relief against Defendants Palomino and Dyer in their OFFICIAL CAPACITIES ONLY is GRANTED. Defendants Palomino and Dyer are hereby DISMISSED in their official capacities only.

4. Defendants' motion to dismiss Plaintiffs' first claim for relief against Dyer in his individual capacity on a theory of supervisor liability is DENIED.

5. To the extent Plaintiffs' second claim for relief alleges a claim against Defendant City of Fresno for DIRECT LIABILITY arising out of the actions of Palomino, such claim is DISMISSED.

6. To the extent Plaintiffs' second claim for relief alleges a claim for wrongful death against Dyer on a theory of vicarious or supervisor liability, such claim is DISMISSED.

7. Defendants motion to dismiss Plaintiffs' third claim for relief on the ground it is redundant to Plaintiffs' second claim for relief is DENIED.

8. To the extent Plaintiffs' third claim for relief alleges a claim against Defendant City of Fresno for DIRECT LIABILITY arising out of the actions of Palomino, such claim is DISMISSED.

9. To the extent Plaintiffs' third claim for relief alleges a claim for negligence against Dyer on a theory of vicarious or supervisor liability, such claim is DISMISSED.

IT IS SO ORDERED.

**Dated:   June 15, 2010**                 **/s/ Anthony W. Ishii**
                                                         CHIEF UNITED STATES DISTRICT JUDGE