ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
THEODORE M. HASSE (CA SBN 257794)
THasse@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Tel:  415.268.7000
Fax:  415.268.7522

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JULIA DIANE ENRIQUEZ, individually and as successor-in-interest to STEVEN ANTHONY VARGAS, deceased; JANE CARLOS VARGAS; AMADO VARGAS; STEVEN ANTHONY VARGAS, JR. (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); ANGELO ALECZANDER VARGAS (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); JOSE BLAS FIGUEROA, JR. (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); HAILEY ROSE FIGUEROA (a minor through her guardian *ad litem*, JULIA DIANE ENRIQUEZ); and LEAH REALYNN GORTAREZ-ENRIQUEZ (a minor through her guardian *ad litem*, JULIA DIANE ENRIQUEZ),<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; JERRY DYER, in his individual capacity; MIKE PALOMINO, in his individual capacity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.    10-CV-00581-AWI-DLB<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; WRONGFUL DEATH; NEGLIGENCE**<br><br>**[JURY TRIAL DEMANDED]**<br><br>Complaint filed:    April 5, 2010 |

First Amended Complaint
Civil Case No. 10-CV-00581-AWI-DLB
sf-2862103

# INTRODUCTION

Steven Anthony Vargas was shot to death in broad daylight by a Fresno police officer while he was sitting in his car in a driveway on October 27, 2009. Steven was unarmed and presented no threat to anyone. This lawsuit is brought on behalf of Steven Vargas' wife, parents, and children. The plaintiffs seek to correct the Fresno Police Department's unlawful policies and practices in a way that reduces the chances of this tragedy happening again.

# JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 1983. Venue is proper in the Eastern District of California, under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in this judicial district.

# THE PARTIES

2. Plaintiffs in this case are:

- Julia Diane Enriquez (Steven Vargas' wife, as his successor-in-interest, as guardian *ad litem* for their children, and on her own behalf);
- Jane Carlos Vargas (Steven Vargas' mother);
- Amado Vargas (Steven Vargas' father);
- Steven Anthony Vargas, Jr., and Angelo Aleczander Vargas (Steven Vargas' children, minors under the age of 18; they have brought this action through their mother, Julia Diane Enriquez, their guardian *ad litem*); and
- Jose Blas Figueroa, Jr., Hailey Rose Figueroa, and Leah Realynn Gortarez-Enriquez (Steven Vargas' stepchildren, minors under the age of 18; they have brought this action through their mother, Julia Diane Enriquez, their guardian *ad litem*).

3. Defendant City of Fresno is a municipal corporation and a political subdivision of the State of California with the capacity to sue and be sued. The City of Fresno includes the Fresno Police Department.

1    4.    Defendant Jerry Dyer is, and at all times mentioned herein was, the chief of police for
2  Defendant City of Fresno.  Chief Dyer is sued individually and in his official capacity.
3    5.    Defendant Mike Palomino is, and at all times mentioned herein was, an officer of the
4  Fresno Police Department.  Officer Palomino is sued individually and in his official capacity.
5    6.    Does 1 through 50, inclusive, are defendants herein under fictitious names because
6  their true names, capacities, and degrees of responsibility for the acts alleged herein are unknown
7  to the plaintiffs at this time.  When the plaintiffs ascertain this information, they will amend this
8  complaint accordingly.  The plaintiffs are informed and believe, and thereon allege, that Does 1
9  through 50, inclusive, and each of them, are legally liable to the plaintiffs in some part for the
10  wrongful acts and omissions of which the plaintiffs complain herein.
11    7.    The plaintiffs are informed and believe, and thereon allege, that at all times
12  mentioned herein, each and every defendant was the agent, servant, employee, and/or
13  representative of each and every other defendant and, in doing the things complained of herein,
14  was acting within the scope of that agency, service, employment, and/or representation, and that
15  each and every defendant is jointly and severally responsible and liable to the plaintiffs for the
16  damages hereinafter alleged.

17  **GENERAL ALLEGATIONS**

18    8.    On October 27, 2009, at approximately 3:00 p.m., Steven Anthony Vargas drove at a
19  slow speed onto the property located at 4021 E. McKinley Ave. in Fresno County.  Steven drove
20  very slowly across the driveway on the property and came to a stop when the front of his vehicle
21  made contact with the side of an unoccupied van.  There was virtually no damage to either
22  vehicle.  Steven stayed in his vehicle.
23    9.    On information and belief, several minutes later, Fresno police officer Mike
24  Palomino, driving in a Fresno police vehicle, entered onto Fresno County land on or near the
25  property located at 4021 E. McKinley Ave.  The officer got out of his vehicle, and without cause
26  or justification, pulled out a gun and approached Steven's vehicle.  The officer pointed his gun at
27  Steven and without cause or justification, shot and fired several bullets into Steven's body.
28

10. On information and belief, after the first shooting, the officer ceased firing momentarily. Then, without cause or justification, the officer fired a second volley of bullets at the unarmed and defenseless man. The officer shot Steven approximately nine times. Several minutes later, Steven was pulled out of his vehicle and transported to Community Regional Medical Center, where he was pronounced dead at 3:18 p.m.

11. This was the latest in a string of shootings of unarmed persons by the Fresno Police Department. On information and belief, in 2009 alone, four people shot by Fresno police were unarmed. Those prior shootings were unjustified and the officers involved in those shootings were not properly disciplined for their actions. This has led to a culture and belief within the Fresno Police Department that it is permissible to use deadly force against unarmed persons and that no disciplinary action will be taken by the Fresno Police Department for doing so.

12. This was Defendant Palomino's second shooting in 2009. Defendant Palomino has shot at least four people in his capacity as a police officer for the City of Fresno. Defendants Palomino and Dyer together shot at least one individual to death. On information and belief, despite Defendant Dyer's direct knowledge of Defendant Palomino's propensity for the use of excessive force, Defendant Dyer failed to appropriately investigate shootings involving Defendant Palomino, and ratified Defendant Palomino's unlawful acts by, *inter alia*, promoting Defendant Palomino to higher positions in the Fresno Police Department.

13. The actions of the officer who killed Steven Vargas were taken pursuant to the policies and practices of the Fresno Police Department, including, but not limited to, the use of excessive force, and the use of deadly force in encounters with civilians when it is a grossly disproportionate response to a situation, and even when no reasonable basis exists for any use of force whatsoever, as in this case.

14. Despite their knowledge of these illegal policies and practices, the supervisory and policy-making defendants have maliciously and with deliberate indifference taken no effective steps to terminate the policies and practices; have not effectively disciplined or otherwise properly supervised the officers who engage in the policies and practices; have not effectively trained Fresno police officers with regard to the proper constitutional and statutory limits of the

exercise of their authority; and have sanctioned the policies and practices through their deliberate or grossly negligent indifference to their detrimental effect on the constitutional rights of local residents.

15. Knowing of civil rights abuses by Fresno police officers, as well as at least one prior rights violations by Defendant police officer Palomino, Defendant Chief Dyer further sought to cover up and ratify the acts publicly, engaged in at least one act of retaliation against a police officer for reporting systemic civil rights violations by Fresno police, failed to remedy those systemic violations knowingly and with deliberate indifference, and promulgated policies on the use of deadly force by officers that deliberately repudiated the constitutional rights of Fresno residents.  The acts, omissions, and policies of Chief Dyer and the City of Fresno were the moving force for the plaintiffs' injuries.

16. As the direct and proximate result of the acts, omissions, policies, and practices of the defendants alleged herein, plaintiffs have suffered loss of life, substantial physical and emotional pain and suffering, shock and injury to their nervous systems, humiliation, extreme and severe mental anguish, acute anxiety, emotional and physical distress, and fear and depression, all to their damage and detriment.

17. As a further direct and proximate result of the injuries alleged herein, plaintiffs have incurred, and in some instances will continue to incur, burial costs, expenses from the shooting and disassembly of their family vehicle, and lost earnings.  Plaintiffs do not know the full amount of such expenses and lost earnings at this time.

18. At all times mentioned herein, and in all of their actions mentioned herein, the individually named defendants were acting under color of law and under color of their authority and within the scope of their employment with the City of Fresno.

19. The conduct of the individually named defendants was willful, wanton, malicious, oppressive, and in bad faith.  The defendants also acted with reckless or callous disregard for the rights of plaintiffs and intentionally violated state and federal law.  The plaintiffs are thus entitled to an award of punitive damages against each of the defendants.

## ADMINISTRATIVE PROCEEDINGS

20. Pursuant to California Government Code §§ 910 *et seq.*, the plaintiffs timely filed a claim with the City of Fresno on February 1, 2010. The City of Fresno rejected the plaintiffs' claim on March 16, 2010. The plaintiffs have complied with the claim filing prerequisites of the California Tort Claims Act prior to initiating this action.

## PROCEDURAL DECLARATION

21. The plaintiffs have submitted the Declaration of Julia Diane Enriquez regarding her status as successor-in-interest to her husband, Steven Vargas, pursuant to Cal. Code Civ. P. § 377.32. (Docket No. 12.)

## FIRST CAUSE OF ACTION

**(Violation of Decedent's Fourth Amendment Rights, 42 U.S.C. § 1983 – Against All Defendants by Plaintiff Enriquez as Successor-in-Interest to Steven Vargas)**

22. Plaintiff Enriquez realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this complaint.

23. The shooting of Steven Vargas by police officer Palomino violated Steven Vargas' Fourth Amendment rights to be free from the use of excessive force.

24. The above-stated violations of Steven Vargas' constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of Defendants City of Fresno and Chief Dyer in at least the following ways: approval, ratification, encouragement, and authorization of excessive use of force by Fresno police officers, including in this case; and failure to properly train and supervise its police officers in the lawful use of force, despite their knowledge of a pattern of excessive force by Fresno police officers. These acts, omissions, and policies contributed to the shooting of Steven Vargas.

25. This violation is compensable pursuant to 42 U.S.C. § 1983. As a result of the defendants' conduct Steven Vargas suffered loss of life.

## SECOND CAUSE OF ACTION

**(Violation of Plaintiffs' Fourteenth Amendment Rights, 42 U.S.C. § 1983 – Against All Defendants)**

26. The plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 25 of this complaint.

27. The defendants' conduct violated the plaintiffs' Fourteenth Amendment rights in at least the following ways:  the killing of Steven Vargas violated the liberty interest of Julia Diane Enriquez in the companionship and support of her husband; Jane Carlos Vargas and Amado Vargas in the companionship and support of their son; Steven Anthony Vargas, Jr. and Angelo Aleczander Vargas in the companionship and support of their father; and Jose Blas Figueroa, Jr., Hailey Rose Figueroa, and Leah Realynn Gortarez-Enriquez in the companionship and support of their stepfather.

28. These above-stated violations of the plaintiffs' constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of Defendants City of Fresno and Chief Dyer in least the following ways:  approval, ratification, encouragement, and authorization of excessive use of force by Fresno police officers, including in this case; and failure to properly train and supervise its police officers in the lawful use of force, despite their knowledge of a pattern of excessive force by Fresno police officers.  These acts, omissions, and policies contributed to the shooting of Steven Vargas.

29. These violations are compensable pursuant to 42 U.S.C. § 1983.  As a result of the defendants' conduct, plaintiffs have suffered loss of life, loss of the comfort and society of Steven Vargas, significant emotional harm, including, but not limited to, any and all special damages pleaded below.

## THIRD CAUSE OF ACTION

**(Wrongful Death – Against Defendants City of Fresno, Mike Palomino, and Does 1-50)**

30. The plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 29 of this complaint.

31. Defendant Palomino's conduct resulted in the wrongful death of Steven Vargas. As a result of the defendants' actions, the plaintiffs have suffered a tremendous loss, including the loss of the companionship, comfort, advice, training, affection, solace, and society of their husband, son, father, and stepfather.

32. Defendant City of Fresno is vicariously liable for the wrongful death of Steven Vargas through the acts and omissions of Defendant Mike Palomino.

**FOURTH CAUSE OF ACTION**

**(Negligence Against City of Fresno, Mike Palomino, and Does 1-50)**

33. The plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 32 of this complaint.

34. Defendant Palomino was negligent, and as a result of his conduct, the plaintiffs have suffered a tremendous loss, including the loss of companionship, comfort, advice, training, affection, solace, and society of their husband, son, father, and stepfather.

35. Defendant City of Fresno is vicariously liable for the negligent acts and omissions of Defendant Mike Palomino.

**PRAYER**

WHEREFORE, each plaintiff prays for judgment against all defendants, and each of them, as follows:

1. For general damages against all defendants, jointly and severally, in an amount to be proven at trial;

2. For special damages against all defendants, jointly and severally, in an amount to be proven at trial;

3. For punitive and exemplary damages in an amount to be proven at trial;

4. For attorneys' fees under 18 U.S.C. § 1988 and the California private attorney general doctrine;

5. For costs of suit; and

6. For whatever further relief, including injunctive relief, as may be just and proper.

**JURY DEMAND**

The plaintiffs hereby demand trial by jury on any and all issues triable by a jury.

Dated: June 30, 2010

ARTURO J. GONZÁLEZ
WESLEY E. OVERSON
THEODORE M. HASSE
MORRISON & FOERSTER LLP

By: /s/ Wesley E. Overson
    WESLEY E. OVERSON

Attorneys for Plaintiffs

First Amended Complaint
Civil Case No. 10-CV-00581-AWI-DLB
sf-2862103

9