1  James D. Weakley, Esq.      Bar No. 082853
   Rosemary T. McGuire, Esq.   Bar No. 142937
2  Michael R. Linden, Esq.     Bar No. 192485

3  WEAKLEY, ARENDT & McGUIRE, LLP
        1630 East Shaw Avenue, Suite 176
4          Fresno, California  93710
          Telephone: (559) 221-5256
5          Facsimile:  (559) 221-5262

6  Attorneys for Defendants, CITY OF FRESNO, JERRY DYER and MIKE PALOMINO

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12  JULIA DIANE ENRIQUEZ, individually and )   CASE NO. 1:10-CV-00581-AWI-DLB
    as successor-in-interest to STEVEN        )
13  ANTHONY VARGAS, Deceased; JANE            )
    CARLOS VARGAS; AMADO VARGAS;              )   **ANSWER TO FIRST AMENDED**
    STEVEN ANTHONY VARGAS, JR. (a             )   **COMPLAINT**
14  minor through his guardian *ad litem*, JULIA )
    DIANE ENRIQUEZ); JOSE BLAS                )
15  FIGUERO, JR. (a minor through his guardian )
    *ad litem*, JULIA DIANE ENRIQUEZ); and    )   **Jury Trial Demanded**
16  LEAH REALYNN GORTAREZ-                     )
    ENRIQUEZ (a minor through his guardian *ad* )
17  *litem*, JULIA DIANE ENRIQUEZ),           )
                                              )
18         Plaintiffs,                        )
                                              )   Complaint Filed: April 5, 2010
19         vs.                                )   Trial Date: TBA
                                              )
20  CITY OF FRESNO, a municipal corporation;  )
    JERRY DYER, individually and in his       )
21  capacity as a Chief of Police for the CITY OF )
    FRESNO; MIKE PALOMINO, individually       )
22  and in his capacity as a police officer for the )
    CITY OF FRESNO; and DOES 1 through 50,    )
23  inclusive,                                )
                                              )
24         Defendants.                        )
    _____  )
25

26         Defendants CITY OF FRESNO ("defendant CITY), JERRY DYER ("defendant DYER"),

27  and MIKE PALOMINO ("defendant PALOMINO") (collectively hereinafter "Defendants") hereby

28  present the following Answer to the First Amended Complaint ("FAC") of plaintiffs JULIA DIANE

_____
Answer to First Amended Complaint

1   ENRIQUEZ, individually and as successor-in-interest to STEVEN ANTHONY VARGAS,

2   Deceased; JANE CARLOS VARGAS; AMADO VARGAS; STEVEN ANTHONY VARGAS, JR.

3   (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); JOSE BLAS FIGUERO, JR.

4   (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); and LEAH REALYNN

5   GORTAREZ-ENRIQUEZ (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ)

6   (collectively hereinafter "Plaintiffs").

## I.

## RESPONSE TO ALLEGATIONS IN COMPLAINT

### INTRODUCTION

Defendants maintain that averments contained in the Introduction to the Complaint contain factual and legal conclusions, to which no response is required.  To the extent that a response is required, Defendants admit that decedent Steven Anthony Vargas ("Decedent") was shot by defendant PALOMINO on October 27, 2009, and died as a result of the injuries incurred as a result of the shooting.  Defendants deny the remaining averments contained in the Introduction to the Complaint.

### JURISDICTION AND VENUE

1.     Defendants admit the averments contained in Paragraph 1 of the FAC.

### PARTIES

2.     Defendants are without sufficient information to admit or deny the averments contained in Paragraph 2 of the FAC, and on this basis deny said averments.

3.     Defendants admit the averments contained in Paragraph 3 of the FAC.

4.     Based on the order on Defendants' motion to dismiss, Defendants deny that defendant DYER is being sued in his official capacity.  Defendants admit the remaining averments contained in Paragraph 4 of the FAC.

5.     Based on the order on Defendants' motion to dismiss, Defendants deny that defendant PALOMINO is being sued in his official capacity.  Defendants admit the remaining averments contained in Paragraph 5 of the FAC.

6.     Defendants are without sufficient information to admit or deny the averments

1    contained in Paragraph 6 of the FAC, and on this basis deny said averments.

2        7.   Defendants admit that defendant PALOMINO was acting under color of law, and

3    in the course and scope of his employment with the Fresno Police Department, at all relevant times.

4    Defendants deny the remaining averments contained in Paragraph 7 of the FAC.

5                              **GENERAL ALLEGATIONS**

6        8.   Defendants admit that on October 27, 2009, at approximately 3:00 p.m., Decedent's

7    vehicle entered the front of the property located at 4021 E. McKinley Avenue, Fresno, California.

8    Defendants admit that Decedent's vehicle traveled across the front yard of this property, and then

9    impacted a vehicle parked on the driveway of the property.  Defendants admit that this collision

10   caused damage to both vehicles.  Defendants are without sufficient information to admit or deny the

11   remaining averments contained in Paragraph 8 of the FAC, and on this basis deny said averments.

12       9.   Defendants admit that defendant PALOMINO responded to the scene.  Defendants

13   admit that defendant PALOMINO fired several shots at Decedent with his department-issued service

14   weapon, and that Decedent was struck by an unknown amount of the shots.  Defendants deny the

15   remaining averments contained in Paragraph 9 of the FAC.

16       10.  Defendants admit that defendant PALOMINO fired several shots at Decedent with

17   his department-issued service weapon, and that Decedent was struck by an unknown amount of the

18   shots.  Defendants admit that Decedent later died as a result of injuries incurred in the shooting.

19   Defendants deny the remaining averments contained in Paragraph 10 of the FAC.

20       11.  Defendants deny the averments contained in Paragraph 11 of the FAC.

21       12.  Defendants admit that Defendant Palomino was involved in two shooting incidents

22   in 2009.  Defendants admit that Defendant Palomino shot at least four people in his capacity as a

23   police officer for the City of Fresno.  Defendants deny the remaining averments contained in

24   Paragraph 12 of the FAC.

25       13.  Defendants deny the averments contained in Paragraph 13 of the FAC.

26       14.  Defendants deny the averments contained in Paragraph 14 of the FAC.

27       15.  Defendants deny the averments contained in Paragraph 15 of the FAC.

28       16.  Defendants deny the averments contained in Paragraph 16 of the FAC.

17.     Defendants deny the averments contained in Paragraph 17 of the FAC.

18.     Defendants admit that defendant PALOMINO was acting under the color of law, and in the course and scope of his employment, with respect to the subject incident in this case. Defendants deny that defendant DYER took any action, or had any involvement whatsoever, with respect to the subject incident in this case.

19.     Defendants deny the averments contained in Paragraph 19 of the FAC.

## ADMINISTRATIVE PROCEEDINGS

20.     Defendants admit that a claim for damages was presented on February 1, 2010. Defendants admit that said claim was rejected on March 16, 2010.    Defendants are without sufficient information to admit or deny the remaining averments contained in Paragraph 19 of the Complaint, and on this basis deny said averments.

## PROCEDURAL DECLARATION

21.     Defendants admit that a declaration has been submitted to the Court by Julia Diane Enriquez.

## FIRST CAUSE OF ACTION

### (Fourth and Fourteenth Amendments to the United States Constitution

### (42 U.S.C. § 1983)

22.     Defendants re-allege and incorporate by reference the responses herein to Paragraphs 1-21 to the FAC.

23.     Defendants deny the averments contained in Paragraph 23 of the FAC.

24.     Defendants deny the averments contained in Paragraph 24 of the FAC.

25.     Defendants deny the averments contained in Paragraph 25 of the FAC.

## SECOND CAUSE OF ACTION

### (Violation of Plaintiffs' Fourteenth Amendment Rights, 42 U.S.C. § 1983 - Against All Defendants)

26.     Defendants re-allege and incorporate by reference the responses herein to Paragraphs 1-25 to the FAC.

27.     Defendants deny the averments contained in Paragraph 27 of the FAC.

28.     Defendants deny the averments contained in Paragraph 28 of the FAC.

29.     Defendants deny the averments contained in Paragraph 29 of the FAC.

### THIRD CAUSE OF ACTION

**(Wrongful Death - Against Defendants City of Fresno, Mike Palomino, and Does 1-50)**

30.     Defendants re-allege and incorporate by reference the responses herein to Paragraphs 1-29 to the FAC.

31.     Defendants deny the averments contained in Paragraph 31 of the FAC.

32.     Defendants deny the averments contained in Paragraph 32 of the FAC.

### FOURTH CAUSE OF ACTION

**(Negligence Against City of Fresno, Mike Palomino, and Does 1-50)**

33.     Defendants re-allege and incorporate by reference the responses herein to Paragraphs 1-32 to the FAC.

34.     Defendants deny the averments contained in Paragraph 34 of the FAC.

35.     Defendants deny the averments contained in Paragraph 35 of the FAC.

### II.

### RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief they seek, or any relief whatsoever.

### III.

### AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that Plaintiffs' FAC, and each cause of action therein alleged, fails to state facts sufficient to constitute a claim against any of the answering defendants.

AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that all times and places referred to in the FAC on file herein, and the claims therein alleged, the individual defendants are entitled to qualified immunity in that they reasonably believed their actions were constitutional.

AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that they cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*.

1    AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, these answering
2   defendants allege that at all times and places referred to in the FAC on file herein, and the claims
3   therein alleged, the acts or omissions complained of by Plaintiffs, either in whole or in part, were the
4   result of the discretion vested in the individual defendants. *Government Code* § 820.2.

5    AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege
6   that at all times referred to in the FAC on file herein, the actions of the individual defendants were
7   reasonable and justified pursuant to Penal Code §§ 835 and 835a.

8    AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege
9   that at all times and places referred to in the FAC on file herein, and the claims therein alleged, the
10   acts of the individual defendants were made pursuant to *California Penal Code* § 833, et seq.

11    AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendants
12   allege that the individual defendants are entitled to any defenses that would be available to them if
13   they were private persons. *Government Code* § 820.

14    AS AND FOR AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendants
15   allege that Plaintiffs' decedent was negligent in and about those matters alleged in the Complaint,
16   and his negligence directly and proximately contributed to the happening of the incident  and to the
17   injuries and damages, if any, sustained by Plaintiff.  Defendants allege that the negligence of
18   Plaintiffs' decedent should be compared to the total negligence, if any, for the purposes of reducing
19   any recovery by Plaintiffs.

20     AS AND FOR A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege
21   that at all times and places referred to in the FAC on file herein, and the claims therein alleged, that
22   their legal responsibility and/or liability, if any, is found with respect to non-economic damages,
23   shall be limited to the percentage of fault attributable, if any, to said defendants, and that separate
24   judgments be rendered so indicating.

25    AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege
26   that at all times and places referred to in the FAC on file herein, and the claims therein alleged,
27   Plaintiffs' decedent voluntarily assumed the risk of the conduct of defendant PALOMINO, and
28   results therefrom, proximately causing the damages and injuries, if any, to Plaintiffs.

AS AND FOR AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that at all times and places referred to in the FAC on file herein, and the claims therein alleged, the acts or omissions complained of by Plaintiffs were proximately caused by the negligence or wrongful conduct of persons, other than these answering defendants, and that the liability, if any, of these answering defendants should be reduced or diminished in proportion to the fault attributable to others.

AS AND FOR A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that they cannot be liable for any act or omission, exercising due care, in the execution or enforcement of any law.  *Government Code* §§ 815.2(a), 820.4.

AS AN FOR A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that the individual defendants cannot be liable for the act or omission of another person. *Government Code* § 820.8.

AS AN FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, these answering defendants allege that Plaintiffs have failed to comply with the requirements of the California Government Claims Act.  *Government Code* § 900, *et seq*.

**IV.**

**JURY DEMAND**

Defendants demand a trial by jury in this action.

WHEREFORE, Defendants pray that Plaintiffs take nothing by reason of their Complaint on file herein; for costs of suit incurred herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and for such other and further relief as the Court may deem just and proper.

DATED: July 12, 2010

WEAKLEY, ARENDT & McGUIRE, LLP

By:     /s/ Rosemary T. McGuire
        James D. Weakley
        Rosemary T. McGuire
        Michael R. Linden
        Attorneys for Defendants, CITY OF FRESNO, JERRY DYER, and MIKE PALOMINO