# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIA DIANE ENRIQUEZ, et al., | ) | 1:10cv0581 AWI DLB |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING PLAINTIFFS' |
| | ) | MOTION TO COMPEL |
| v. | ) | (Document 30) |
| | ) | |
| CITY OF FRESNO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, the spouse, children and parents of Decedent Stephen Anthony Vargas, filed the instant motion to compel production of documents on January 5, 2011. The motion was heard on February 11, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Theodore Hasse appeared on behalf of Plaintiffs. James Weakley and Valerie Velasco appeared on behalf of Defendants City of Fresno ("City"), Fresno Chief of Police Jerry Dyer and Fresno Police Officer Mike Palomino.

## **BACKGROUND**

Plaintiffs filed this civil rights complaint on April 5, 2010, against the City, Chief Dyer and Officer Palomino (collectively "Defendants"). Plaintiffs filed a First Amended Complaint on July 6, 2010, alleging causes of action for: (1) violation of Decedent's Fourth Amendment right to be free from the use of excessive force; (2) violation of Plaintiffs' Fourteenth Amendment liberty interest in the companionship and support of Decedent; (3) wrongful death;

and (4) negligence.    Pursuant to the August 13, 2010, Scheduling Conference Order, the non-expert discovery deadline is March 28, 2011.

On December 21, 2010, the Court approved the parties' Stipulated Protective Order.  The order allows, when appropriate, for the designation of information as "Confidential- Counsel Only."

Plaintiffs filed the instant motion to compel on January 5, 2011, and seek to compel production of documents from the City to requests served in August 2010.  The parties filed their Joint Statement on February 4, 2011.

## FACTUAL ALLEGATIONS

According to the First Amended Complaint, on October 27, 2009, at approximately 3:00 p.m., Decedent drove at a slow speed onto property on McKinley Avenue in Fresno County.  He came to a stop when the front of his vehicle made contact with the side of an unoccupied van.  Decedent stayed inside his vehicle.

Several minutes later, Officer Palomino, driving a Fresno Police vehicle, entered onto Fresno County land on or near the McKinley property.  Officer Palomino got out of his vehicle, and without cause or justification, pulled out a gun and approached Decedent's vehicle.  Officer Palomino pointed his gun at Decedent and without cause or justification, shot and fired several bullets into Decedent's body.  Officer Palomino ceased firing momentarily and then without cause or justification, fired a second volley of bullets at Decedent.  Decedent was shot approximately 9 times and was pronounced dead at Community Regional Medical Center at 3:18 p.m.

Plaintiffs allege that this was the latest in a string of shootings of unarmed persons by the Fresno Police Department.  Plaintiffs allege that 4 other unarmed people were shot by Fresno Police in 2009 and that the officers involved were not properly disciplined.  This has led to a culture and belief within the FPD that it is permissible to use deadly force against unarmed persons and that no disciplinary action will be taken for doing so.

Plaintiffs allege that this was Officer Palomino's second shooting in 2009 and that he has shot at least 4 people in his capacity as a Fresno Police Officer.  Despite Chief Dyer's knowledge

of Officer Palomino's propensity for the use of excessive force, Chief Dyer failed to appropriately investigate shootings involving Officer Palomino and ratified his unlawful acts by promoting him to higher positions in the Fresno Police Department.

Plaintiffs further allege that Officer Palomino's actions were taken pursuant to the policies and practices of the Fresno Police Department, including the use of excessive force and the use of deadly force in encounters with civilians when it is a grossly disproportionate response to the situation. Despite their knowledge of these illegal policies and practices, Defendants have taken no effective steps to terminate these policies and practices, have not disciplined or otherwise properly supervised the officers who engage in such policies and practices, have not effectively trained Fresno police officers with regard to the proper constitutional and statutory limits of the exercise of their authority and have sanctioned the policies and practices through their deliberate indifference.

## **LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . .  The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. U. S. Dist. Court for the Northern Dist. of California, 511 F.2d 192, 197 (9th Cir. 1975); Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997) (recognizing that the law of the forum state does not inform federal privilege law in federal civil rights actions, and expressly holding that Cal. Evid. Code sections 1040 and 1043 did not govern the 1983 action). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr, 511 F.2d at 198. The application of the official information privilege is "contingent upon the

competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

## DISCUSSION

By this motion, Plaintiffs seek Incident Reports and Internal Affairs investigations related to officer-involved shootings for the 5 years prior to October 17, 2009, to the present. Defendants have identified 22 such incidents for which responsive records exist, though they oppose production based on relevance grounds and the privacy interests of the officers not involved in the incident at issue in this action.

Contrary to Defendants' contention, the documents requested are relevant to Plaintiffs' allegations that the City has a policy of not properly disciplining officers involved in the use of excessive force and/or failing to properly train officers in the use of excessive force. Defendants suggest that because the results of the investigations are confidential, Plaintiffs cannot prove causation. However, not only is it difficult to imagine that officers are not aware of the discipline imposed against officers who use deadly force, but it also not the proper standard for discovery determinations. It is sufficient, at this juncture, that the documents are relevant to Plaintiffs' claims. Defendants may certainly test causation at a later stage in this proceeding, but their belief that causation cannot be shown does not bar Plaintiffs from relevant discovery which may be relevant to the issue of causation.

Similarly, although the Court recognizes the privacy interests of the officers not involved in the subject incident, Plaintiffs need not demonstrate a likelihood of success on the merits prior to conducting the discovery at issue. Defendants incorrectly argue that the balancing of privacy rights and the need for discovery requires Plaintiffs to demonstrate a prima facie case. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.Cal. 1995); Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D.Cal. 1987).

The Court finds that the non-involved officers' privacy can be protected by replacing names with unique identifiers. This will allow Plaintiffs to review the reports initially and determine which reports are relevant and require further investigation without divulging the

1 identity of the officers.[1] Once such a determination has been made, the names of the officers
2 involved in relevant incidents may be revealed if necessary.
3       The Court also reminds the parties that all discovery is subject to the December 21, 2010,
4 Stipulated Protective Order.

## ORDER

6       Plaintiffs' motion is therefore GRANTED. Defendants SHALL produce the full Incident
7 Reports and Internal Affairs investigations, with non-involved officer names replaced, within
8 twenty (20) days of the date of service of this order.

10    IT IS SO ORDERED.
11    Dated:   **February 14, 2011**                   **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] At the hearing, Defendants indicated that the names of the non-involved officers have already been divulged in discovery. Although the Court questions why Defendants continue to assert privacy issues when the officers' names appear to be known, it will nonetheless require replacement of the officers' names for the initial production.