IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA DIANE ENRIQUEZ, individually and as successor-in-interest to STEVEN ANTHONY VARGAS, Deceased; JANE CARLOS VARGAS; AMADO VARGAS; STEVEN ANTHONY VARGAS, JR. minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); ANGELO ALECZANDER VARGAS (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); JOSE BLAS FIGUEROA, JR. (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); HAILEY ROSE FIGUEROA (a minor through her guardian *ad litem*, JULIA DIANE ENRIQUEZ); and LEAH REALYNN GORTEZ-ENRIQUEZ (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ), <br>  Plaintiffs, <br> v. <br> CITY OF FRESNO, a municipal corporation; JERRY DYER, individually and in his capacity as a Chief of Police of the CITY OF FRESNO; MIKE PALOMINO, individually and in his capacity as a police officer of the CITY OF FRESNO), <br>  Defendants. | CV F 10 - 0581 AWI DLB <br><br> ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL <br><br> Doc. # 38 |

This is an action for damages that arises out of the shooting death of decedent Steven

Anthony Vargas ("Decedent") by Fresno City Police Officer Mike Palomino ("Palomino") during the course and scope of Palomino's employment. In their First Amended Complaint ("FAC"), which was filed on July 6, 2010, Plaintiffs allege, *inter alia*, direct liability against Police Chief Dyer arising from alleged failure to adequately train and discipline police officers and to develop and maintain adequate policies regarding use of lethal force. On January 5, 2011, Plaintiffs filed a motion to compel disclosure of certain records pertaining to internal affairs documents relating to instances of officer use of lethal force. The parties filed a joint statement of discovery disputes on February 4, 2011. Plaintiffs' motion to compel was heard before the Magistrate Judge on February 11, 2011, and Plaintiffs' motion to compel was granted on February 14, 2011. Defendants filed the instant motion for reconsideration on February 16, 2011. Plaintiffs' opposition to the motion for reconsideration was filed on February 22, 2011, and Defendants' reply was filed on March 14, 2011.

## LEGAL STANDARD

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non- dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

**DISCUSSION**

The issue in controversy with regard to Defendants' request for reconsideration, is whether the Magistrate Judge correctly concluded that Defendants' were not entitled to invoke the "Official Information Privilege" (hereinafter, the "Privilege") to prevent discovery of "Incident Reports and Internal Affairs investigations related to officer-involved shootings for the 5 years prior to October 17, 2009, to the present." Doc. # 37 at 4:4-5. Plaintiffs contend that Defendants failed to properly invoke the Privilege and the Magistrate Judge was therefore correct in granting the motion to compel. Defendants contend that the privilege was properly invoked and that proper balancing of factors weighs in favor of preventing the requested disclosure.

It is the practice in this circuit that a party seeking to invoke the Privilege must first "make a substantial threshold showing" that the documents they seek to protect may be withheld pursuant to the Privilege. Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal. 1987). A party that receives a discovery request that would reach material that it believes is covered by the official information privilege must, within the time permitted by rule to respond or object, serve and file an objection that invokes the official information privilege by name. The party must set forth this objection separately in response that would reach material covered by the privilege." Id. In setting forth its objections, the party seeking to invoke the Privilege a responsible official within the agency who has personal knowledge of the matters to be asserted must submit an affidavit or declaration that includes:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests of the disclosure were made.

Id. at 670.

If the party seeking to invoke the Privilege meets this threshold showing, the court conducts "a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege." Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995). "In the context of civil rights suits against police departments, this balancing approach should be 'moderately pre-weighed in favor of disclosure.' [Citation.]" Id. (quoting Kelly, 114 F.R.D. at 661).

Plaintiffs allege Defendants failed to make the required threshold showing on two accounts. First, Plaintiffs allege defendants did not submit the require affidavit or declaration at the time of they filed their objections to Plaintiffs requests for production. Plaintiffs allege "the required declaration was submitted to Plaintiffs hours before Defendants filed it with the Court on the evening of the deadline for submission of the Joint Statement of Discovery Disputes on Friday, February 4, 2011." Doc.# 40 at 9:11-13. Defendants objected to Plaintiffs requests for production in October 2010 and Plaintiffs allege no affidavit or declaration was filed at that time. Second, Plaintiffs contend that the declaration that was belatedly submitted by Lt. Montejano failed to specifically identify the governmental or privacy interests that would be damaged or to describe how disclosure subject to a carefully crafted protective order would be likely to harm governmental interests.

While the court agrees that Defendants filed their affidavit purporting to invoke the Official Information privilege late, the court prefers to address Defendants' motion for reconsideration on the merits; subject, however, to one point of clarification. Defendants correctly point out that the purpose of the affidavit "is to provide the court with the information it needs to make a reasoned assessment of the weight of the interests that line up, in the particular situation before the court, against the requested disclosure." Kelly, 114 F.R.D. at 670. To the extent that Defendants may be tempted to downplay the need for timely notification to the opposing party of Defendants' position *vis-a-vis* the Privilege based on the notion that it is only the court that benefits from the affidavit, the court draws Defendants' attention to the remainder of the quoted paragraph in Kelly. There, the Kelly court explains that the affidavit also serves the purpose of providing "the plaintiff with a fair

4

opportunity to challenge the bases for the assertion of the privilege.  Providing that opportunity is important to the court as well because in our adversary system the court looks to opposing parties to help it probe and measure the strength of submissions such as these." Id.   Noting that the requirement for timely notification of the opposing party of the intent to use the Privilege is not to be taken lightly, and that substantial delays in providing the opposing party with the required declaration are not trivial, the court proceeds to consider the merits of Defendants motion for reconsideration.

The document submitted by Defendants that sought to prevent disclosure under the Official Information Privilege was the "Declaration of Dennis Montejano in Opposition to Plaintiff's Motion to Compel" (hereinafter, the "Declaration") filed on February 4, 2011. Plaintiffs contend that the Declaration is insufficient to meet Defendants' threshold burden because the potential harm to the public interest in candid exchange of information between investigating police officers and police personnel involved in possible instances of excessive force has been found insufficient as a matter of law to invoke the Privilege.  In addition, Plaintiffs contend that the Declaration fails to address how the disclosure of specific items of the information requested would, if disclosed subject to carefully crafted protective orders, cause harm to specific governmental interests.  The court agrees that the Declaration submitted by Defendants fails to satisfy their threshold burden to invoke the Privilege.

The court has reviewed the Declaration and finds that it alleges variations on the basic theme of potential harm to the government's interest in candid communications with police officers arising out of disclosure.  Specifically the Declaration alleges "[t]he Fresno Police Department and its employees, as well as the public at large, have an overriding interest in maintaining the confidentiality of internal investigation of peace officers.  This interest stems from the necessity of free and open communications which can only be accomplished on a privileged and confidential basis. [. . . .] Peace officers would be hesitant to provide complete information in their compelled statements if the information would be made public."  Doc. # 32 at ¶ 3. Defendants allege in conclusory fashion that "[p]roduction of the above described files to the plaintiff, even under a carefully crafted protective order, would create a substantial

5

risk of harm to the interests described above." Id. at ¶4. Finally, Defendants allege that the material responsive to Plaintiffs' request for production contains 22 files containing personal confidential information relating to 36 officers who are not involved in this action. Defendants contend that "the extent of harm from disclosure of this information would be extensive as officers may believe that such an extensive disclosure of unrelated investigations could become the norm in litigation." Id. at ¶ 5.

In Soto, the court found that, where the defendants asserted only "the general proposition that internal affairs investigatory documents and statements of police officers and/or witnesses should remain secret in order to encourage 'frank discussions,'" that assertion was "insufficient to meet the threshold test for invoking the official information privilege" 162 F.R.D. at 614. "'[A] general claim of harm to the "public interest" is insufficient to overcome the burden placed on the party seeking to shield material from disclosure.' [Citation.]" Id. (quoting Kelly, 114 F.R.D. at 672). As this court has previously held, a declaration in support of the Privilege must "provide *specific* information about how disclosure of the *specific* documents requested [. . .] would threaten the *specific* governmental and privacy interests at stake." Bernat v. City of California City, 2010 WL 4008361 (E.D. Cal. 2010) at *3 (italics in original). The court finds the Declaration in this case lacks the requisite specificity and fails to allege any more than the general allegation of "harm to candid communications" that was found insufficient in Soto.

Defendants seek to differentiate the situation in this case from the situation in Soto by pointing out that the information sought by Plaintiffs in this case involves files pertaining to officers who have no involvement in the acts giving rise to this action. This court finds Defendants' attempt to distinguish Soto unpersuasive. The Magistrate Judge's Order granting the motion to compel provided that "the non-involved officers' privacy can be protected by replacing names with unique identifiers." Defendants fail to show how the substitution of names with unique identifiers, together with the general stipulated protective order issued previously, is insufficient to safeguard the governmental interests at stake for purposes of discovery.

1    It is important to keep in mind that the issue that is targeted by Plaintiffs in their
2 discovery request is not simply the actions of the non-involved police officers in other
3 instances of use of lethal force; it is the adequacy of the internal affairs process in evaluating
4 those events and in crafting policies and procedures to assure that the public's compelling
5 interest to be free of unconstitutional applications of force by the police is safeguarded.  The
6 court is not at all persuaded that the exploration of this issue will chill communications with
7 the officers or that there is any concern that "officers may believe that such and extensive
8 disclosure of unrelated investigations could become the norm in litigation."  Defendants
9 admit, and a reasonable officer must expect, that internal affairs investigations pertaining to
10 him or her will be evidence in any litigation that arises out of an allegation of excessive force.
11 Further, Defendants offer no basis for the conclusion that non-involved officers would feel
12 threatened by the use of aggregated and properly redacted information that challenges the
13 adequacy of departmental training and policy.
14    In sum, the court finds the documents before the Magistrate Judge at the time
15 Defendants's Opposition to Plaintiffs' motion to compel was considered were not sufficient
16 to carry Defendants' preliminary burden to invoke the Privilege.  Because Defendants
17 threshold showing was inadequate, the Magistrate Judge had no reason to engage in an
18 individualized weighing of the competing interests at play.  The Magistrate Judge's order
19 granting Plaintiffs' motion to compel was therefore not clearly erroneous or contrary to law
20 or an abuse of discretion.
21    THEREFORE, it is hereby ORDERED that Defendants' motion for reconsideration of
22 the Magistrate Judge's order granting Plaintiffs' motion to compel discovery is hereby
23 DENIED.
24 IT IS SO ORDERED.
25
26 Dated:   March 22, 2011                                         _____
                                                                 CHIEF UNITED STATES DISTRICT JUDGE
27
28