1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JULIA DIANE ENRIQUEZ, et al.,        )   1:10cv0581 AWI DLB
                                     )
                                     )
                                     )   ORDER GRANTING PLAINTIFFS'
            Plaintiffs,              )   MOTION TO COMPEL
                                     )
    v.                               )   (Document 57)
                                     )
CITY OF FRESNO, et al.,              )
                                     )
                                     )
                                     )
            Defendants.              )
_____)

        Plaintiffs, the spouse, children and parents of Decedent Stephen Anthony Vargas, filed the instant motion to compel production of documents on April 26, 2011.  The motion was heard on May 3, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Wesley Overson and Theodore Hasse appeared on behalf of Plaintiffs.  James Weakley and Valerie Velasco appeared on behalf of Defendants City of Fresno ("City"), Fresno Chief of Police Jerry Dyer and Fresno Police Officer Mike Palomino.

## BACKGROUND

        Plaintiffs filed this civil rights complaint on April 5, 2010, against the City, Chief Dyer and Officer Palomino (collectively "Defendants").  Plaintiffs filed a First Amended Complaint on July 6, 2010, alleging causes of action for: (1) violation of Decedent's Fourth Amendment right to be free from the use of excessive force; (2) violation of Plaintiffs' Fourteenth Amendment liberty interest in the companionship and support of Decedent; (3) wrongful death; and (4)

1  negligence.      On February 14, 2011, this Court granted Plaintiffs' motion to compel production

2  of Incident Reports and Internal Affairs ("IA") Investigations related to officer-involved

3  shootings for five years prior to October 17, 2009, to the present.  The Court found that the

4  documents were relevant to Plaintiffs' allegations that the City has a policy of not properly

5  disciplining officers involved in the use of excessive force and/or failing to properly train officers

6  in the use of excessive force.  The Court ordered Defendants to "produce the full Incident

7  Reports and Internal Affairs investigations, with non-involved officer names replaced" within 20

8  days.

9       Defendants moved for reconsideration of the Magistrate Judge's order.  On March 23,

10  2011, the Court denied the request, holding that the documents before the Court at the time of the

11  motion to compel were not sufficient to carry Defendants' preliminary burden to invoke the

12  Official Information Privilege.  Because the threshold showing was inadequate, the Magistrate

13  Judge had no reason to engage in an individualized weighing of the competing interests at play.[1]

14       On April 6, 2011, at the parties' request, the Court held a telephonic discovery

15  conference.  It became apparent that a motion was necessary and on April 26, 2011, the parties

16  filed their Joint Statement in support of the instant discovery dispute.

17                              **FACTUAL ALLEGATIONS**

18       According to the First Amended Complaint, on October 27, 2009, at approximately 3:00

19  p.m., Decedent drove at a slow speed onto property on McKinley Avenue in Fresno County.  He

20  came to a stop when the front of his vehicle made contact with the side of an unoccupied van.

21  Decedent stayed inside his vehicle.

22       Several minutes later, Officer Palomino, driving a Fresno Police vehicle, entered onto

23  Fresno County land on or near the McKinley property.  Officer Palomino got out of his vehicle,

24  and without cause or justification, pulled out a gun and approached Decedent's vehicle.  Officer

25  Palomino pointed his gun at Decedent and without cause or justification, shot and fired several

26  bullets into Decedent's body.  Officer Palomino ceased firing momentarily and then without

27

28       [1] Since the Court did not reach the issue, it did not have the opportunity to decide if the Official Information Privilege should be part of federal privilege analysis in the first instance.

2

1   cause or justification, fired a second volley of bullets at Decedent.  Decedent was shot

2   approximately nine times and was pronounced dead at Community Regional Medical Center at

3   3:18 p.m.

4        Plaintiffs allege that this was the latest in a string of shootings of unarmed persons by the

5   Fresno Police Department.  Plaintiffs allege that four other unarmed people were shot by Fresno

6   Police in 2009 and that the officers involved were not properly disciplined.  This has led to a

7   culture and belief within the FPD that it is permissible to use deadly force against unarmed

8   persons and that no disciplinary action will be taken for doing so.

9        Plaintiffs allege that this was Officer Palomino's second shooting in 2009 and that he has

10  shot at least four people in his capacity as a Fresno Police Officer.  Despite Chief Dyer's

11  knowledge of Officer Palomino's propensity for the use of excessive force, Chief Dyer failed to

12  appropriately investigate shootings involving Officer Palomino and ratified his unlawful acts by

13  promoting him to higher positions in the Fresno Police Department.

14       Plaintiffs further allege that Officer Palomino's actions were taken pursuant to the

15  policies and practices of the Fresno Police Department, including the use of excessive force and

16  the use of deadly force in encounters with civilians when it is a grossly disproportionate response

17  to the situation.  Despite their knowledge of these illegal policies and practices, Defendants have

18  taken no effective steps to terminate these policies and practices, have not disciplined or

19  otherwise properly supervised the officers who engage in such policies and practices, have not

20  effectively trained Fresno police officers with regard to the proper constitutional and statutory

21  limits of the exercise of their authority and have sanctioned the policies and practices through

22  their deliberate indifference.

23       Plaintiffs also allege that Chief Dyer, knowing of civil rights abuses by Fresno police

24  officers and at least one prior civil rights violation by Defendant Palomino, sought to cover up

25  and ratify the acts publicly, and engaged in at least one act of retaliation against a police officer

26  for reporting systemic civil rights violations by Fresno police.  Plaintiffs further allege that Chief

27  Dyer failed to remedy those systemic violations knowingly and with deliberate indifference and

28  promulgated policies on the use of deadly force by officers that deliberately repudiated the

3

constitutional rights of Fresno residence.  Plaintiffs contend that these acts, omissions and policies of Chief Dyer were the moving force for Plaintiffs' injuries.

## DISCUSSION

This dispute involves Defendants' discovery production in response to the Court's February 14, 2011, order.  Plaintiffs raise two arguments: (1) Defendants are improperly withholding "open" IA investigations; and (2) Defendants have improperly redacted documents produced in response to the Court's order.

A.    Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

B.    Open v. Closed Investigations

Plaintiffs' initial motion to compel requested Incident Reports and IA investigation reports for police shootings occurring in the five years prior to the shooting at issue to present. Defendants' interrogatory responses identified 22 shootings in this five year time period. Although the February 4 order referenced this number, the Court did not specifically limit production to these 22 incidents, ordering production of the "full Incident Reports and Internal Affairs Investigations" with non-involved officer names replaced.

Defendants now take the position that the order required production of only "closed" investigations.  On this basis, Defendants have withheld at least 32 shootings that are classified as "open."  The open investigations involve shootings from 2005 through 2010.  As is pertinent to this motion, an investigation is kept open pending the conclusion of the Fresno County District Attorney's Office investigation and the preparation of a final memorandum to Chief Dyer.[2]  Both

---

[2]  In February 2010, the District Attorney's Office ceased conducting its own investigations and shootings occurring after that date were handled, in their entirety, by IA.  Declaration of Chief Jerry Dyer, ¶ 5.

open and closed IA investigations include a criminal investigation, which is typically completed within two to three months of the incident.

Defendants oppose production based on their characterization of the open IA investigations as *criminal* investigations that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The criminal investigations that are part of the open IA files, however, are not entitled to the same protection afforded to ongoing, criminal investigations conducted on the presumption that the subject has committed a crime.  Unlike such investigations, which begin with the premise that a crime was committed and often lead to the filing of criminal charges, the investigations at issue have not resulted in the filing of charges against any officers, nor have criminal charges even been requested.

Nonetheless, the requested discovery must still meet the relevancy requirements of Rule 26(b)(1).  Plaintiffs argue that the open investigations are relevant to meet their burden of showing that Defendants have a policy or practice of using deadly force without justification.  According to Plaintiffs, Defendants' practice of keeping IA investigations open, despite knowing that the investigations often take years close, encourages the policy or practice of improperly using deadly force.[3]  Indeed, according to Chief Dyer's declaration and as explained by Defendants at the hearing, Chief Dyer does not review IA investigations "until they are complete" and as a practice, he does not review the criminal investigations.  Declaration of Chief Jerry Dyer, ¶ 6.

The open IA investigations are therefore relevant to Plaintiffs' burden.  Defendants contend that Plaintiffs do not require the actual investigation file to prove that IA investigations remain open for years.  This argument misstates the nature of Plaintiffs' burden.  Although the simple fact that IA investigations remain open may be sufficient to demonstrate a policy or practice of failing to discipline or train, as Defendants contend, the failure to discipline or training is secondary to Plaintiffs' burden of proving a policy or practice of using excessive force

---

[3]  The open investigations include 2 shootings in 2005, 1 in 2006, 3 in 2007, 7 in 2008, 7 in 2009 and at least 2 of the 12 shootings in 2010.

1  without justification.  Knowing the underlying facts of the investigation is therefore relevant to

2  Plaintiffs' initial burden of showing a policy or practice of using unjustified excessive force.

3      There are some instances, though, were a criminal investigation in the open IA file

4  warrants protection.  Defendants must produce the open IA investigations except those (a) that

5  are active, ongoing criminal investigations; or (b) where the IA investigation is still active, i.e.,

6  an investigation is ongoing and IA has not, after a reasonable amount of time from the subject

7  incident, formulated a conclusion.

8  C.    Redactions

9      Plaintiffs object to Defendants redactions of officer statements, witness names and

10 incident locations.  At the hearing, Defendants indicated that they will be producing officer

11 statements that were previously withheld as compelled statements.  That issue is therefore moot.

12     As to the witness information, Defendants indicated that the information was redacted to

13 protect witnesses' personal information.  The witnesses, however, were not involved in the

14 incidents and there is no reason to protect their name or address unless there is a special interest

15 in keeping the information confidential, i.e., the witness is a juvenile or informant.

16                              **ORDER**

17     Plaintiffs' motion to compel is GRANTED.  Defendants shall produce (1) the criminal

18 investigations in open IA files, except those (a) that are active, ongoing criminal investigations,

19 or (b) where the IA investigation is still active, i.e. an investigation is ongoing and IA has not,

20 after a reasonable amount of time from the subject incident, formulated a conclusion; and (2)

21 unredacted versions of previously produced documents, though witness names may be redacted

22 where there is a special interest in keeping the names confidential.  The production is subject to

23 the Stipulated Protective Order.

24     The documents shall be produced as expeditiously as possible, preferably within 20 days.

25

26     IT IS SO ORDERED.

27  **Dated:**   **May 6, 2011**        _____/s/ **Dennis L. Beck**_____
                                        UNITED STATES MAGISTRATE JUDGE

28