1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

7
8

| | | |
|---|---|---|
| JULIA DIANE ENRIQUEZ, et al., | ) | 1:10cv0581AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER GRANTING MOTION FOR |
| Plaintiffs, | ) | LEAVE TO FILE AMENDED COMPLAINT |
| | ) | |
| v. | ) | (Document 76) |
| | ) | |
| CITY OF FRESNO, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

9
10
11
12
13
14
15
16

17    Plaintiffs, the spouse, children and parents of Decedent Stephen Anthony Vargas, filed

18  the instant motion for leave to file an amended complaint on June 3, 2011.  The motion was

19  heard on July 1, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge.

20  Theodore Hasse appeared on behalf of Plaintiffs.  Valerie Velasco appeared on behalf of

21  Defendants City of Fresno ("City"), Fresno Chief of Police Jerry Dyer and Fresno Police Officer

22  Mike Palomino.

23                                        **BACKGROUND**

24     Plaintiffs filed this civil rights complaint on April 5, 2010, against the City of Fresno

25  ("City"), Chief of Police Jerry Dyer and Fresno Police Officer Mike Palomino (collectively

26  "Defendants").  Plaintiffs filed a First Amended Complaint ("FAC") on July 6, 2010, alleging

27  causes of action for: (1) violation of Decedent's Fourth Amendment right to be free from the use

28  of excessive force (all Defendants); (2) violation of Plaintiffs' Fourteenth Amendment liberty

1    interest in the companionship and support of Decedent (all Defendants); (3) wrongful death (City

2    and Palomino) and (4) negligence (City and Palomino).

3         On June 3, 2011, Plaintiffs filed this motion for leave to file a Second Amended

4    Complaint.[1]  Defendants filed their opposition on June 17, 2011, and Plaintiffs filed a reply on

5    June 22, 2011.

6                                    **FACTUAL ALLEGATIONS**

7         According to the FAC, on October 27, 2009, at approximately 3:00 p.m., Decedent drove

8    at a slow speed onto property on McKinley Avenue in Fresno County.  He came to a stop when

9    the front of his vehicle made contact with the side of an unoccupied van.  Decedent stayed inside

10   his vehicle.

11        Several minutes later, Officer Palomino, driving a Fresno Police vehicle, entered onto

12   Fresno County land on or near the McKinley property.  Officer Palomino got out of his vehicle,

13   and without cause or justification, pulled out a gun and approached Decedent's vehicle.  Officer

14   Palomino pointed his gun at Decedent and without cause or justification, shot and fired several

15   bullets into Decedent's body.  Officer Palomino ceased firing momentarily and then without

16   cause of justification, fired a second volley of bullets at Decedent.  Decedent was shot

17   approximately 9 times and was pronounced dead at Community Regional Medical Center at 3:18

18   p.m.

19        Plaintiffs allege that this was the latest in a string of shootings of unarmed persons by the

20   Fresno Police Department.  Plaintiffs allege that 4 other unarmed people were shot by Fresno

21   Police in 2009 and that the officers involved were not properly disciplined.  This has led to a

22   culture and belief within the FPD that it is permissible to use deadly force against unarmed

23   persons and that no disciplinary action will be taken for doing so.

24        Plaintiffs allege that this was Officer Palomino's second shooting in 2009 and that he has

25   shot at least 4 people in his capacity as a Fresno Police Officer.  Despite Chief Dyer's knowledge

26   of Officer Palomino's propensity for the use of excessive force, Chief Dyer failed to

27   _____

28        [1] Plaintiffs' counsel, Theodore M. Hasse, reports that Defendants declined to stipulate to the filing of an
     amended complaint on May 31, 2011.  Declaration of Theodore M. Hasse ("Hasse Dec."), ¶ 3.

1   appropriately investigate shootings involving Officer Palomino and ratified his unlawful acts by

2   promoting him to higher positions in the FPD.

3         Plaintiffs further allege that Officer Palomino's actions were taken pursuant to the

4   policies and practices of the Fresno Police Department, including the use of excessive force and

5   the use of deadly force in encounters with civilians when it is a grossly disproportionate response

6   to the situation.  Despite their knowledge of these illegal policies and practices, Defendants have

7   taken no effective steps to terminate these policies and practices, have not disciplined or

8   otherwise properly supervised the officers who engage in such policies and practices, have not

9   effectively trained Fresno police officers with regard to the proper constitutional and statutory

10  limits of the exercise of their authority and have sanctioned the policies and practices through

11  their deliberate indifference.

12                                    **DISCUSSION**

13  A.      Legal Standard

14        Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely

15  given when justice so requires."  The United States Supreme Court has stated:

16        [i]n the absence of any apparent or declared reason    such as undue delay, bad faith or
          dilatory motive on the part of the movant, repeated failure to cure deficiencies by
17        amendments previously allowed, undue prejudice to the opposing party by virtue of
          allowance of the amendment, futility of amendment, etc.    the leave sought should, as the
18        rules require, be "freely given."

19  Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to

20  include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4)

21  futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir.

22  1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court.

23  Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy

24  favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is

25  futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

26  B.      Analysis

27        Plaintiffs seek to add one paragraph to the factual allegations, contending that they only

28  recently uncovered facts through Court-ordered discovery related to FPD's "practice of leaving

                                         3

1    shooting investigations 'open' for years and Defendant Chief Dyer's refusal to review

2    investigations until they are officially completed." Motion, at 2. The proposed Paragraph 12

3    reads:

4            The City of Fresno Police Department's failure to train, discipline, and supervise
         its officers has led to a pattern or practice of using deadly force without justification.
5        This practice has been fueled, at least in part, by the failure to pursue timely
         investigations of officer involved shootings and timely reviews of the actions of shooting
6        officers. Indeed, discovery has disclosed that since October 27, 2004, there have been
         approximately 57 shootings by Fresno police officers. In many cases, purported
7        "investigations" have been kept "open" for years. The practice of keeping internal affairs
         investigations open for years encourages the policy or practice of using excessive force.
8        Indeed, Chief Dyer apparently does not even review internal investigations reports "until
         they are complete," and as a practice, he does not review the criminal investigations. The
9        investigations have been left unresolved beyond the deadlines for disciplining officers in
         most cases and no officer has been disciplined for their role in any of these 57 shootings.
10       The Defendants' acts and omissions in this regard constitute deliberate indifference to the
         constitutional rights of Fresno citizens.
11

12           Plaintiffs argue that although the amendment is not "technically necessary," they seek

13   leave to add this paragraph related to the recently discovered evidence. Motion, at 1. The

14   recently discovered information shows that since October 27, 2004, there have been at least 57

15   officer involved shootings and "most of the targets of those shootings were unarmed." Motion,

16   at 1. They argue that Fresno "pushes" officers involved in shootings back onto the street before

17   investigations are completed, leading to repeated shootings by the same officers. The discovery

18   shows that some cases have been opened for years, and that neither discipline nor retraining has

19   occurred in any of the 57 shootings.

20           Defendants refused to stipulate to this amendment, yet they now contend that the only

21   prejudice relates to dealing with this motion during a time when other issues are pressing.

22   Defendants agree that they are not surprised by the new factual allegations and that the

23   allegations are, in fact, already contemplated by the allegations in the FAC.

24           Plaintiffs move to amend to add the factual allegations out of an abundance of caution.

25   Plaintiff's have not acted with undue delay or in bad faith. As the allegations are not a surprise

26   and will not result in further delay, there is no prejudice to Defendants. Moreover, at the hearing,

27   the parties stipulated that the Defendants deny the allegations in the added paragraph and the July

28   12, 2010, answer will stand and the Court so ORDERS.

1

2        According, Plaintiffs' motion is GRANTED.  Plaintiffs SHALL file the Second Amended

3   Complaint within ten (10) days of the date of service of this order.

4

5        *IT IS SO ORDERED.*

6        **Dated:**    **July 1, 2011**                    **/s/ Dennis L. Beck**
                                                            *UNITED STATES MAGISTRATE JUDGE*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28