UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA DIANE ENRIQUIZ, et. al, | CASE NO. CV F 10-0581 AWI BAM |
| Plaintiffs, | **ORDER ON EX PARTE APPLICATION AND MOTION TO COMPEL** |
| v. | |
| CITY OF FRESNO, et. al, | |
| Defendants. | |

On October 16, 2011, plaintiffs filed a motion to shorten time to bring a motion to compel production of a specific document and to modify the Scheduling Order accordingly. Plaintiffs seek to compel the production of the "2010 Annual Report" of the City of Fresno's Office of Independent Review ("OIP"). The Court requested that defendants file an opposition to the ex parte application and motion on the issues of delay in bringing this request and prejudice. Defendants filed an opposition on October 19, 2011. The Court has reviewed the documents submitted by both parties including the extensive exhibits attached to the motion to shorten time and to the opposition. The Court finds that this motion is suitable for decision without further briefing and argument, on the grounds that the briefing fully informs the Court of the issue.

Plaintiffs filed this action on April 5, 2010. The complaint arises out of the shooting of plaintiffs' decedent, Steven Anthony Vargas, on October 27, 2009 by Fresno Police Sergeant Mike Palomino. Plaintiffs seek to compel production of the "2010 Annual Report" which, among other things, focuses on officer shootings. Plaintiffs contend that this Annual Report was responsive to discovery served in October 2010 and that defendants are withholding the document improperly.

Plaintiff contends that defendants have asserted boilerplate objections and that defendants face no prejudice for the production of this Annual Report.

Defendants contend that there is no good cause to modify the Scheduling Order and that plaintiffs failed to diligently pursue discovery and did not meet and confer until recently. Further, defendants present evidence that a "2010 Annual Report" does not exist in that the report is a draft report submitted for the year 2011. (Doc. 113.) A Mid Year 2010 Annual Report is and was available to plaintiff through a website identified by defendants in their discovery responses, which plaintiffs in fact have received. Defendants argue plaintiffs are asking for a draft of the Mid year **2011** Annual Report. Defendants argue they would be prejudiced by the production of the Mid Year 2011 Annual Report, as it is in draft form only and is not finalized. Defendants further argue that a summary judgment is pending for decision.

## DISCUSSION

Pursuant to F.R.Civ.P. 16(b)(2) and (3), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Scheduling orders may also include "the date or dates for conferences before trial, a final pretrial conference, and trial." F.R.Civ.P. 16(b)(4). "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." F.R.Civ.P. 16(b). The scheduling order "shall control the subsequent course of the action unless modified by a subsequent order." F.R.Civ.P. 16(e).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of

1  the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). In addressing the
2  diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

8  *Jackson*, 186 F.R.D. at 608.

9  Moreover, this Court's Local Rule 144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

Here, the Court finds that good cause does not exist to modify the Scheduling Order. Plaintiffs were not diligent in bringing this issue to this Court's attention. This case was scheduled on August 13, 2010 (Doc. 24), the schedule was modified on March 3, 2011 (Doc. 45) and again on May 15, 2011 to accommodate document production on July 2, 2011. Nearly a year before, in October 2010, defendants responded to discovery in which they alerted plaintiffs to the OIP. The defendants responded to plaintiffs requests for production of documents in October 2010 by, among other things, providing a website address from which information involving police shooting could be obtained, including the Mid Year 2010 Report. The existence of the Mid Year 2010 Annual Report was known to plaintiffs from the responses provided by defendants, and plaintiffs acknowledge that they have received the Mid Year 2010 report. As defendants point out, the Mid Year 2010 report states that the Office of Independent Review is directed to prepare a mid-year report for 2011. That the OIP would prepare another mid year report for 2011 was known, or reasonably should have been known, to plaintiffs. Thus, the possible existence of another mid-year report was reasonably foreseeable or anticipated and thus, plaintiffs' recent "discovery" of the report does not provide good cause for modifying the Scheduling Order.

Moreover, while Rule 26(e) imposes the obligation on Defendants to supplement their discovery responses, it does not impose the duty to supplement matters which the City has not adopted and/or final.

1  The evidence presented is that the Mid-Year report for 2011 is not completed, is in draft form and has
2  not yet been adopted or approved by the City. As such, it is only the opinions of the
3  preparer/investigator. This Court will not engage in speculation as to whether the draft Mid-Year 2011
4  Annual Report will be adopted as drafted.

5  Further, the Court finds prejudice will result if the Scheduling Order is modified at this late date.
6  Discovery cut off has long since past in July 2011. Defendants have filed a motion for summary
7  judgment and trial is set for December 6, 2011. Modification of the Scheduling Order will impact this
8  current schedule.

## **CONCLUSION**

10  For the foregoing reasons, the ex parte application to shorten time to bring a motion to compel
11  and the motion to compel are DENIED.

12  IT IS SO ORDERED.

13  Dated:   October 20, 2011             /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE