ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
WESLEY E. OVERSON (CA SBN 154737)
WOverson@mofo.com
THEODORE M. HASSE (CA SBN 257794)
THasse@mofo.com
MORRISON & FOERSTER LLP
425 Market Street, Suite 3200
San Francisco, California 94105-2482
Tel: 415.268.7000
Fax: 415.268.7522

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JULIA DIANE ENRIQUEZ, individually and as successor-in-interest to STEVEN ANTHONY VARGAS, Deceased; JANE CARLOS VARGAS; AMADO VARGAS; STEVEN ANTHONY VARGAS, JR. (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); ANGELO ALECZANDER VARGAS (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); JOSE BLAS FIGUEROA, JR. (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); HAILEY ROSE FIGUEROA (a minor through her guardian *ad litem*, JULIA DIANE ENRIQUEZ); and LEAH REALYNN GORTAREZ-ENRIQUEZ (a minor through her guardian *ad litem*, JULIA DIANE ENRIQUEZ),<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation; JERRY DYER, in his individual capacity; MIKE PALOMINO, in his individual capacity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.   10-CV-00581-AWI-BAM<br><br>**DECLARATION OF ROGER A. CLARK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE**<br><br>**Hearing:** November 22, 2011<br>Time:     8:30 A.M.<br>Judge:    Hon. Anthony W. Ishii<br>Place:    Courtroom No. 2<br><br>Trial Date:         December 6, 2011 |

CLARK DECLARATION ISO OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE
Civil Case No. 10-CV-00581-AWI-BAM
sf-3071481

I, ROGER A. CLARK, declare:

1. I spent over 27 years working as a law enforcement officer in the L.A. County Sheriff's Department before retiring as a Lieutenant in charge of NORSAT, a specialized unit created to investigate, locate, observe and arrest major (career) criminal offenders. Since then, I have worked on numerous matters as a police consultant and expert. In this case, I was retained as a consultant by Morrison & Foerster, LLP, counsel for Plaintiffs. My areas of expertise include those matters upon which I opine in the reports I have submitted related to this case. I have personal knowledge of the matters stated in this declaration. I could and would testify competently to the matters stated herein if called to do so.

2. I have attached as **Exhibits A and B** to this declaration a copy of the version of my curriculum vitae that I am informed and believe was provided to Defendants' counsel on July 15, 2011 along with the initial expert report I drafted for this case. The curriculum vitae provided to Defendants' counsel and attached here was current as of that date.

3. Over my law enforcement career, I worked in a number of different roles prior to becoming the commander of Northern Regional Surveillance and Surveillance and Apprehension Team ("NORSAT"), including:

- Administrative Officer for the bureau responsible for coordinating the L.A. County Sheriff's Department Reserve Force, comprised of 1,000 sworn reserve personnel, 900 civilian volunteers, and 450 law enforcement explorer scouts;
- Over a four year period, at some point, every management role in the Crescenta Valley Station in L.A. County Field Operation Region I, a full-service station with 100 officers service a population of approximately 50,000 people in a 250 square mile area;
- Training and Logistics Lieutenant for L.A. County Central Jail;
- Personnel and Logistics Sergeant among the founding personnel for the Emergency Operations Unit of the L.A. County Sheriff's Department, a unit integrating activities of the departmental planning unit with emergency operations;
- Watch Commander, a Sergeant-level role;

- Watch and Patrol Sergeant; and
- Station Detective at the San Dimas Station acting as first responder and investigator for all crimes occurring in the station's area of responsibility.

4.   Some of the roles listed above explicitly indicate their relationship to training, supervision, discipline, or investigations—issues key to this case and my expert opinion offered in this case. I have found, though, that each role touched upon each of these categories of law enforcement administration to different degrees and provided me with—in combination with training though out my career and my work since retiring from the L.A. County Sheriff's Department—the foundational expertise through which I am able to provide the expert opinions contained in my report.

5.   Touching briefly on the training that I had the opportunity to participate in, I was a participant in the POST Command College, a Masters degree level course that dealt extensively with the police administration issues present in this case.

6.   In addition to these formal titles and roles, throughout my law enforcement career, I also gained experience in matters related to issues I opine on in this case through various training and committee assignments typical of mid and senior-level law enforcement administration officials in the L.A. County Sheriff's Department; for example, I was assigned to sit as a member of departmental review committees related to the reasonable or unreasonable use of force and police tactics from time to time.

7.   Over my career as a police expert, I have offered opinions in over a hundred cases, and I have been accepted to testify in an expert capacity in cases concerning police administration, procedures, tactics, training, supervision, discipline, and investigations in Arizona State Courts, California State Courts, Washington State Courts and Federal Courts in Arizona, California, Texas, Colorado, Illinois, Indiana, Pennsylvania, and Washington. I have attached as **Exhibit C** to this declaration a copy of the listing of my expert testimony on matters for the past four years that I am informed and believe was provided to Defendants' counsel on July 15, 2011.

8. I do not categorize and maintain data across cases I have worked on as a police expert that would allow me to readily count the precise number of times I have opined on specific issues such as police supervision or police investigations. And as each case is unique in its facts and relevant factors, this would be an imprecise endeavor, at best. Nonetheless, I can say that among the cases in which I have offered an expert opinion, my best, conservative estimate is that at least half related in some substantial manner to questions of reasonable training, questions of reasonable supervision, questions of reasonable discipline, and questions of reasonable investigations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of November, 2011, at Santee, California.

_/s/ Roger A. Clark_
Roger A. Clark