**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JULIA DIANE ENRIQUEZ, individually and as successor-in-interest to STEVEN ANTHONY VARGAS, Deceased; JANE CARLOS VARGAS; AMADO VARGAS; STEVEN ANTHONY VARGAS, JR. minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); ANGELO ALECZANDER VARGAS (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); JOSE BLAS FIGUEROA, JR. (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ); HAILEY ROSE FIGUEROA (a minor through her guardian *ad litem*, JULIA DIANE ENRIQUEZ); and LEAH REALYNN GORTEZ-ENRIQUEZ (a minor through his guardian *ad litem*, JULIA DIANE ENRIQUEZ),** <br><br>    **Plaintiffs**, <br><br> v. <br><br> **CITY OF FRESNO, a municipal corporation; JERRY DYER, individually and in his capacity as a Chief of Police of the CITY OF FRESNO; MIKE PALOMINO, individually and in his capacity as a police officer of the CITY OF FRESNO),** <br><br>    **Defendants.** | **CV F 10 - 0581 AWI DLB** <br><br> **ORDER ON DEFENDANTS' REQUEST TO CLARIFY COURT'S ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DOCKET NUMBER 115, FILED OCTOBER 24, 2011, AND AMENDMENT THEREOF** <br><br><br> Doc. # 141 |

On November 22, 2011, the court held a hearing on motions in limine in preparation for trial in this case. At the hearing, it was brought to the attention of the court and both parties that the court, in denying Defendants' motion for summary judgment on Plaintiffs' claim for relief under 42 U.S.C. § 1983 for violation of Plaintiffs' Fourteenth Amendment right to the companionship of Decedent, had expressed the understanding that Plaintiffs' Fourteenth Amendment claim was not alleged against Defendant Palomino as an individual. The court's understanding at the time was expressed in the court's Order on Defendants' Motion for Summary Judgment or Summary Adjudication, docket number 115, filed on October 24, 2011. At page 18 of that document, the court observed:

> Although Plaintiffs' second claim for relief nominally alleges violation of Plaintiffs' Fourteenth Amendment rights against all Defendants, it is clear for the test of the pleading that the primary focus of Plaintiffs' claim is against Department and Chief Dyer (not Palomino) for deliberate indifference or reckless disregard of *Plaintiffs'* (not Decedent's) substantive due process rights to familial companionship as evidenced by Department's failure to recognize and take action to correct the tendency of Departmental officers to use unreasonable force.

Doc. # 115 at 18:17-23. And at the end of the court's discussion on Defendants' motion for summary judgment on Plaintiffs' Fourteenth Amendment claim, the court observed:

> As something of an aside, the court notes that although Plaintiffs' second claim for relief is nominally pled against all Defendants (according to the heading), Defendant Palomino is not mentioned anywhere in the claim and the body of the claim alleges neither facts or law linking Palomino to the alleged Fourteenth Amendment violation. The court therefore finds that, whatever the subjective intentions of the parties may be, Plaintiffs' second claim for relief does not state any Fourteenth Amendment claim against Palomino.

Doc. # 115 at 21:2-7.

The court has reviewed its opinion of October 24, 2011, with regard to Plaintiffs' Fourteenth Amendment Claim against Palomino in his individual capacity. The court finds that its opinion, as expressed above, was based on an erroneously narrow reading of Plaintiffs' second claim for relief as expressed in the Second Amended Complaint. Although the text of that section of the complaint does not mention Palomino by name, the court notes that paragraph 28 of the Second Amended Complaints alleges:

> The [D]efendants' conduct violated the [P]aintiffs' Fourteenth Amendment rights in at least the following ways: the killing of Steven Vargas

    violated the liberty interest of Julia Diane Enriquez in the companionship and support of her husband: Jane Carlos Vargas and Amando Vargas in the companionship and support of their son; Steven Anthony Vargas, Jr. And angelo Alecander Vargas in the companionship and support of their father; and Jose Blas Figueroa, Jr., Hailey Rose Figueroa, and Leah Realynn Gortarez-Enriquez in the companionship and support of their stepfather.

Doc. # 84 at ¶ 28.

    Based on the fact that Plaintiffs' second claim for relief was alleged against "all defendants," and based on the fact that it alleges the killing of Decedent as the basis for liability, the court, upon review of its prior order, finds that Plaintiffs' Second Amended Complaint does allege facts sufficient to put Palomino on notice of the allegation for his liability as the direct cause of Plaintiffs' Fourteenth Amendment claim and adequately sets forth a legal basis for that claim. The court therefore finds that its prior observation and aside comment, as set forth above, were erroneous.

    In reviewing its analysis of the sufficiency of facts and law alleged by Plaintiffs' in their claims under the Fourteenth Amendment against Defendants Dyer and City of Fresno, the court concluded that Defendants had failed to show there remains no issue of material fact as to the liability of Dyer and County of Fresno under Plaintiffs second claim for relief. Defendants motion for summary judgment was therefore denied. The analysis the court applied in reaching the determination that Defendants Dyer and City of Fresno were not entitled to summary judgment on Plaintiffs' second claim for relief applies with equal force to any contention that Palomino might be entitled to summary judgment on that claim.

    THEREFORE, in accord with the foregoing, it is hereby ORDERED that the court's Order on Defendants' Motion for Summary Judgment or Summary Adjudication, docket number 115, filed on October 24, 2011, is hereby AMENDED as follows:"

1.     The sentence beginning at page 19, line 17 and ending at line 23 is hereby STRUCK and the following is INSERTED in its place:

    Plaintiffs' second claim for relief is alleged against Defendants Palomino, Chief Dyer and Department for deliberate indifference or reckless disregard of *Plaintiffs'* (not Decedent's) substantive due process rights to familial companionship as evidenced by Palomino's killing of Decedent and

        Department's failure to recognize and take action to correct the tendency of Departmental officers to use unreasonable force.

2.     The following sentence shall be INSERTED at page 20, line 15:

        There is no dispute that gunshots fired by Palomino were the cause of death of Decedent.

3.     The sentence beginning at Page 20, Line 23 and ending at line 28 shall be STRUCK and the following sentence shall be inserted in its place:

        Although the court understands that Plaintiffs' proffer and characterizations of the facts supporting their claims of Fourth and Fourteenth Amendment violation are hotly contested, the court again cannot conclude that, as a matter of law, there remains no issue of material fact as to whether Defendant Palomino was deliberately indifferent to Decedents' rights against the application of unreasonable force and whether Department and Dyer were responsible for violation of those rights when they formulated and used a review process that fails to produce a timely conclusion and appropriate response to unjustified shootings.

4.     The sentence beginning on 21 at line 2 and ending at line 7 shall be STRUCK.

IT IS SO ORDERED.

Dated:    December 1, 2011                               [signature]

                                                  CHIEF UNITED STATES DISTRICT JUDGE